Benaway vs. Bond.

## Benaway v. Bond.

1. Justice's court—Judgment.—A cause having been tried before a justice, he announced his decision, and made a memorandum of the judgment concluded upon, and gave it to a third party to enter it in form on his docket, but the judgment was not so entered, and the memorandum was afterwards lost. *Held*, that no valid judgment had been given in the action.
2. Same.—A judgment in justice's court need not be in precise legal form in order to be valid, yet it must, in fact, be entered in his docket, or record in some form, in order to constitute a valid judgment.

(2 *Chand.* 110.)

ERROR to the Circuit Court for *Rock* County.

This was an action of assumpsit, brought before a justice by the plaintiff in error against the defendant in error, wherein the plaintiff declared upon a promissory note. The defendant pleaded the general issue and a former recovery of judgment. The plaintiff replied that there was no such record. On the trial of the cause the plaintiff offered in evidence the note

declared upon.    Justice Tompkins was sworn and examined as to a judgment before him, not reduced to writing, which evidence was objected to by the plaintiff, but the evidence was received, subject to be considered by the justice.    This evidence was rejected, upon consideration, and a judgment rendered for the plaintiff for the amount of the note and the costs of suit.

An appeal was taken from this judgment to the circuit court, and a trial thereon was had.    On such trial the plaintiff below gave the note in question in evidence, and rested.    The defendant below introduced justice Tompkins as a witness, who testified that he was a justice of Rock county for the year preceding the first of April, 1848 ; that as such justice he kept a docket in which he made entries of judgments rendered by him ; that such docket was lost ; that he had searched for but could not find it ; that in December preceding that time, there was a trial before him, in which this plaintiff was plaintiff, and this defendant was defendant ; that the plaintiff declared on promises, and the defendant pleaded the general issue, and gave notice of set-off ; that in the bill of particulars of the defendant, *Bond*, the note in question, declared on by the plaintiff, was set off ; that, on the trial before him, it was given in evidence in set-off against the plaintiff's claim, and that there " was such an adjudication therein, that judgment was rendered and declared in court for the defendant for about the sum of $14 ; " that he never made any entry of the judgment on his docket, but at the time of the rendition of the judgment, made a minute of the judgment on a piece of paper, and as he supposed, delivered it, together with the other papers, to one Moses S. Prichard (being himself then unwell), to make the record upon the docket ; that since that time he has not seen the said minute, though he had made thorough and diligent search for the same.

To all of the evidence of said Tompkins, the defendant below objected, claiming that nothing less than the record of

the judgment could support the issue on the part of the defend
ant, but the court admitted the evidence. The defendant then
produced the said Moses S. Prichard, who testified that when
the papers were delivered to him by the justice, Tompkins,
no minute of the judgment in the cause was among the papers,
and that, therefore, he did not make up the record as directed
by Tompkins; that he had examined his papers, and had made
diligent and thorough search for said minute but could not
find it; that the trial of said cause was held in the witness'
office.

The defendant also proved, by Charles H. Parker, that he
was counsel for the plaintiff on the trial before justice Tomp-
kins, and that said Tompkins ascertained the amount for which
judgment was to be rendered by a calculation made by him
on a piece of paper, but could not say whether there was any
writing on it or not; that the judgment was, however, de-
clared at the time by the justice.

The counsel for the defendant requested the court to charge
the jury, that if they found that a trial had previously been
had between the same parties before justice Tompkins, in
which the note in question had been properly made a set-off,
though no record or entry of a judgment had been made in
the docket of the justice, yet if they should find that the jus-
tice, at the time of the rendering the judgment, made a minute
of it in writing, which minute had been lost by the justice,
they must find for the plaintiff.

The court charged the jury that if they should find, from
the evidence, that no *actual* entry of judgment was made in
the docket of the justice, there was no legal and valid judg-
ment proved, and consequently they must return a verdict for
the amount of the note. The jury found a verdict for the
plaintiff for the amount of the note declared upon, and judg-
ment was entered thereon.

*A. Hyatt Smith*, for plaintiff in error, urged that a former
suit and recovery for the same cause of action may be given

in evidence under the general issue in assumpsit (Cow. & Hill's Notes on Phil. Ev. 804–810 ; id. 971 ; 2 Hill, 478 ; 5 id. 60 ; 6 id. 114 ; 3 Barb. 59 ; 2 Johns. 181) ; that after a cause is submitted, if a justice render judgment in the time limited by law, it is a valid judgment ; that the entry of it is mere evidence of its rendition, as it was at common law valid, though made at any time, and open to correction according to the truth (*Hall v. Tuttle*, 6 Hill, 38) ; that the neglect of the justice to enter the judgment ought not to deprive the party of the benefit of it. Parol proof may be given of the rendition of a judgment. Cow. & Hill's Notes, 1106 ; 3 Barn. & C. 444.

*J. A. Sleeper*, for defendant in error, urged that a judgment was of effect, only so far as the entry of it appeared ; that the existence of it could not be established by mere recollection (3 Denio, 72 ; 11 Johns. 166 ; Greenl. Ev. 623) ; that at common law no proceeding had before a justice could be proved by parol (13 Johns. 184 ; 5 id. 131, 351 ; 3 id. 229 ; 10 Wend. 526 ; 3 Johns. 429 ; 3 Wend. 267 ; 10 id. 828) ; that the statute expressly provided for the mode of proving judgments, and that, therefore, they could only be proved as prescribed by it.

STOW, C. J. This was a suit upon a promissory note admitted to have been made by *Benaway*, the defendant below. The defense was a former recovery. In support of his plea, the defendant called as a witness William F. Tompkins, who testified that previous to the commencement of this suit a cause was tried before him, as a justice of the peace, between these parties, in which *Bond* " put the note in evidence as an offset, and such an adjudication was therein had, that judgment was rendered and declared in court for the defendant, for about the sum of fourteen dollars ; that he, the justice, never made any entry of the judgment in his docket, but at the time of the rendition of the judgment made a minute of

the amount on a piece of paper, and, being himself unwell, delivered, as he supposed, the minute to one Prichard to make the record on the docket; that since that time he had not seen the minute, though he had searched for it." This testimony was objected to, and finally ruled out by the circuit judge, on the ground that the judgment could be proved only by the docket, or a transcript of it.

Though the amount in controversy is very small, the principle involved in this case is of considerable moment, and it is important that it should be settled; and hence we have given the subject the most careful attention, and examined critically all the numerous authorities to which we have been referred, and the result of our investigation is, that the circuit judge decided correctly, and that the judgment should be affirmed.

The books—that is, the American state reports—are full of cases growing out of justices' judgments, and the questions which they have occasioned—What is a justice's judgment? when and how is it rendered, and how can it be proved?— are almost innumerable; while the responses of the courts have become, in a measure, oracular, from their never-ending contradictions. And yet it is singular that amid all this confusion and looseness no one case has been found where effect has been given to a justice's judgment *never* actually entered. Judgments recorded long after the expiration of the time provided by the statute, even years after the justice had gone out of office, and those written on loose sheets of paper have been held valid; but some record, the docket or other written evidence, has in all instances, as far as I can discover, been held indispensable to their authentication. We think it would be unsafe and unwarranted in us to dispense with this proof, certainly not in the case before us. The justice no doubt made a decision, but by his negligence in not entering it in his docket, and by the negligence of the party who desires to avail himself of it in not procuring it to be so entered, there is no legal evidence of its existence as a judgment; nor does any such

state of things appear as to dispense with this proof. The accident that the magistrate happened at the time to be unwell, and gave his memorandum to his clerk, is no excuse for not having the judgment docketed afterwards.

Judgment affirmed.